UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAREN MARTIN | CIVIL ACTION |
| VERSUS | CASE NO. 16-15809 |
| SCENIC TOURS (USA) INC. | SECTION: "G"(3) |

## ORDER

This litigation arises out of Plaintiff Sharen Martin's ("Plaintiff") complaint against Scenic Tours (USA) Inc. ("Defendant"), for injuries Plaintiff allegedly sustained while a passenger aboard a vessel named the EMERALD STAR ("the vessel").[1] Pending before the Court is Defendant's "Rule 12(b)(6) Motion to Dismiss."[2] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will deny the pending motion.

## I. Background

### A. *Factual Background*

In this litigation, Plaintiff alleges that Defendant "owned and operated the 'Emerald Waterways' brand and further provided European Riverboat cruises on its fleet of riverboats, included the vessel."[3] Plaintiff further alleges that on October 27, 2015, while she was a passenger aboard the vessel, she "was walking down a hallway onboard . . . when she was caused to trip and fall by a stainless steel strip in the hallway flooring."[4] According to Plaintiff, "the area of steel

---

[1] Rec. Doc. 1 at 1–2.

[2] Rec. Doc. 10.

[3] Rec. Doc. 1 at 1.

[4] *Id.* at 2.

1

which caused the Plaintiff to fall was not clearly marked, nor did the Defendant provide any warning or signage to alert passengers to this hazardous condition."[5] As a result of this incident, Plaintiff alleges that she "sustained injuries to her face, facial structure, nose, and right shoulder, which have required plastic surgery and orthopedic surgical intervention(s) and continued medical treatment."[6] Plaintiff further alleges that Defendant "through its agents, servants, employees, and vessel operators negligently and/or carelessly failed to exercise reasonable care thereby causing and/or contributing to the aforementioned accident."[7]

### B.     *Procedural Background*

On October 24, 2016, Plaintiff filed the complaint in this matter.[8] On December 13, 2016, Defendant filed the instant motion.[9] Plaintiff filed an opposition to the motion on January 24, 2017.[10] With leave of Court, Defendant filed a reply in further support of the motion on January 31, 2017.[11]

## II. Parties' Arguments

### A.     *Defendant's Arguments in Support of the Motion*

In its motion, Defendant argues that this lawsuit was filed against the wrong defendant.[12]

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 10.

[10] Rec. Doc. 20.

[11] Rec. Doc. 24.

[12] Rec. Doc. 10-1 at 1.

Defendant asserts that the vessel is owned by MS Emerald Star AG.[13] Defendant contends that Plaintiff has no relationship with Defendant, contractual or otherwise, because Plaintiff booked the cruise through Couples Cruise, LLC, ("Couples Cruise") who chartered the vessel through a contract ("charter contract") with Scenic Tours Europe AG ("Scenic-Europe").[14] Defendant contends that all bookings of the cruise were made through Couples Cruise, and "Scenic Europe's only contact with the Cruise's passengers was the receipt of a passenger list on or around the time of embarkation."[15] In support of these assertions Defendant has filed a copy of the charter contract and a declaration of Lucas Sandmeier, the General Manager of Operations and Administration for Scenic-Europe.[16]

Defendant notes that Plaintiff alleges that Defendant "negligently and/or carelessly failed to exercise reasonable care" through its "agents, servants, employees, and vessel operators. . . ."[17] However, Defendant contends that it did not have any "agents, servants, employees [or] vessel operators" controlling the vessel because: (1) Defendant did not own or operate the vessel; and (2) Plaintiff did not book the cruise through Defendant.[18] Moreover, Defendant contends that Couples Cruise chartered the vessel from Scenic-Europe, and Defendant did not have a

---

[13] *Id.*

[14] *Id.* at 2 (citing Rec. Doc. 10-6). With leave of Court, Defendant filed the charter contract into the record under seal. Rec. Doc. 19.

[15] *Id.* (citing Rec. Doc. 10-3).

[16] *Id.* (citing Rec. Docs. 10-3, 10-6). With leave of Court, Defendant filed the charter contract into the record under seal. Rec. Doc. 19.

[17] Rec. Doc. 10-1 at 4.

[18] *Id.* (citing Rec. Doc. 10-3).

3

relationship with Couples Cruise.[19] Accordingly, Defendant asserts that it should be dismissed from this case because it is not the proper defendant in this action.[20]

### B.   *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff asserts that "Emerald Waterways, the brand owned and operated by [Defendant] according to Emerald Waterways *Terms and Conditions*, is the company whom Plaintiff has submitted her medical bills, medical records, and documentation of injury."[21] Moreover, Plaintiff argues that she has specifically alleged and pled acts of negligence against Defendant, its agents, servants, employees, and vessel operators.[22] Taking these allegations as true, Plaintiff contends that she has stated a claim upon which relief may be granted.[23] Therefore, Plaintiff requests that Defendant's motion be denied and discovery be allowed to commence to determine the precise relationship between the entities that Defendant "argues are the true defendants in this matter."[24]

Plaintiff contends that a motion to dismiss should be denied if more details are obtainable through discovery.[25] According to Plaintiff, "[f]urther discovery will shed even more light on Plaintiff's claims and the interwoven relationship between Scenic, acting as Emerald Waterways, and [Scenic-Europe], the company who allegedly entered into a charter contract with Couples

---

[19] *Id.* at 5 (citing Rec. Doc. 10-3).

[20] *Id.*

[21] Rec. Doc. 20 at 1.

[22] *Id.*

[23] *Id.* at 1–2.

[24] *Id.* at 2.

[25] *Id.* at 5 (citing *Ameresco Solar, L.L.C. v. Jon Sader, et al.*, 2015 WL 3952771, *2–3. (E.D. La. 2015)).

4

Cruise."[26] Plaintiff asserts that questions regarding the nature of the relationship between these companies "need to be answered to determine if Plaintiff has filed against the wrong defendant as alleged by [Defendant]."[27] Plaintiff contends that "the only pieces to the puzzle that she holds are the communications with Emerald Waterways through Couples Cruise and the internet accessible Emerald Waterways Terms and Conditions clearly labeling Emerald Waterways as the brand owned and operated by [Defendant]."[28] Plaintiff argues that she should be allowed to discover whether Defendant is the sole defendant responsible for her injuries aboard the vessel "or if other entities knew or should have known of the hazardous condition which existed at the time of [her] accident."[29] Plaintiff contends that she "should be afforded the opportunity to conduct limited discovery into the contracts between the entities noted by [Defendant] to be the true defendants in this matter."[30]

## C.  *Defendant's Reply in Further Support of the Motion*

In reply, Defendant argues that it offered the charter contract "so that Plaintiff could amend her complaint and name the proper party as a defendant," but "[d]espite this, Plaintiff continues to allege that Defendant . . . operated the vessel."[31] Defendant notes that Plaintiff has admitted that she booked the cruise through Couples Cruise and not through Defendant or an affiliated

---

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.* at 5–6.

[31] Rec. Doc. 24 at 1–2.

5

company.[32] Defendant avers that Plaintiff "badly asserts that 'Emerald Waterways' operated [the] cruise."[33] Defendant further argues that "the only connection to Emerald Waterways (which is a brand name and not a legal entity) is the fact that the vessel's name is Emerald Star and that companies that use the brand name Emerald Waterways charter the Emerald Star from time to time."[34]

Defendant contends that Plaintiff printed the "Terms and Conditions" that she relies on in opposition to the motion to dismiss from Emerald Waterways' website "with no indication of when Plaintiff received Terms No. 1 or if she ever had contact with Defendant or any other company that is associated with the brand name Emerald Waterways."[35] Moreover, assuming that these Terms and Conditions bind Plaintiff, Defendant contends that Plaintiff has filed suit in the wrong jurisdiction because those terms bind Plaintiff to arbitration conducted by the American Arbitration Association in Las Vegas, Nevada.[36] Therefore, Defendant contends that Plaintiff's position would be grounds for dismissal based on the arbitration clause.[37]

---

[32] *Id.* at 2.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.* at 3.

### **III. Law and Analysis**

#### *A.    Legal Standard for Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[38] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[39] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[40] "Factual allegations must be enough to raise a right to relief above the speculative level."[41] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[42]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[43] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[44] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[45] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[38] Fed. R. Civ. P. 12(b)(6).

[39] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[41] *Twombly*, 550 U.S. at 556.

[42] *Id.* at 570.

[43] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[44]  *Iqbal*, 556 U.S. at 677–78.

[45] *Id.* at 679.

7

statements" will not suffice.[46] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[47] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[48] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[49] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[50]

## B. *Analysis*

Here, Plaintiff brings a negligence claim against Defendant, asserting that Defendant "through its agents, servants, employees, and vessel operators negligently and/or carelessly failed to exercise reasonable care thereby causing and/or contributing to" the accident that Plaintiff alleges occurred on October 27, 2015.[51] In this motion, Defendant does not argue that Plaintiff has failed to plead the elements necessary to state a negligence claim.[52] Instead, Defendant asserts that it is not the proper party against whom this claim should be brought because: (1) Defendant did

---

[46] *Id.* at 678.

[47] *Id.*

[48] *Id.*

[49] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[50] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[51] Rec. Doc. 1 at 2.

[52] The Court notes that neither party briefs the Court on the issue of what negligence law applies to the instant dispute.

not own or operate the vessel; and (2) Plaintiff did not book the cruise through Defendant.[53]

In support of these assertions, Defendant relies on a copy of the charter contract and a declaration of Lucas Sandmeier, the General Manager of Operations and Administration for Scenic-Europe.[54] However, it is well established that, in deciding whether to grant or deny a motion to dismiss pursuant to Rule 12(b)(6), a district court may not "go outside the complaint."[55] Generally, when considering a motion to dismiss, the Court may only consider the contents of the pleadings and its attachments.[56] The Fifth Circuit permits a limited incorporation exception, which allows documents attached to a motion to dismiss to be considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. [57] Here, neither the declaration of Lucas Sandmeier nor the charter contract are referenced in Plaintiff's complaint. Accordingly, the Court cannot consider these documents on a motion to dismiss. Therefore, these arguments are best left for summary judgment after the parties have had sufficient time to conduct discovery.

Plaintiff alleges that Defendant "owned and operated the 'Emerald Waterways' brand and further provided European Riverboat cruises on its fleet of riverboats, included the vessel."[58]

---

[53] Rec. Doc. 10-1 at 4 (citing Rec. Doc. 10-3).

[54] Rec. Docs. 10-3, 10-6.

[55] *Carter v. Target Corp.*, 541 F. App'x. 413, 416–17 (5th Cir. 2013); *Rodriguez v. Rutter*, 310 F. App'x 623, 626 (5th Cir. 2009); *Mabile v. BP, p.l.c.*, No. 11-1783, 2016 WL 5231839, at *16 (E.D. La. Sept. 22, 2016) (Brown, J.).

[56] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)

[57] *See Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003). *See also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (holding that it was appropriate for the district court to consider contracts attached to the defendants' motion to dismiss because the contracts were referred to in the complaints and are central to the plaintiffs' claims).

[58] Rec. Doc. 1 at 1.

Plaintiff further alleges that on October 27, 2015, while she was a passenger aboard the vessel, she "was walking down a hallway onboard . . . when she was caused to trip and fall by a stainless steel strip in the hallway flooring."[59] Moreover, Plaintiff alleges that Defendant "through its agents, servants, employees, and vessel operators negligently and/or carelessly failed to exercise reasonable care thereby causing and/or contributing to" Plaintiff's alleged injuries.[60] Therefore, taking all well-pleaded facts as true, the Court finds that Plaintiff has alleged sufficient facts to state a negligence claim against Defendant.

### IV. Conclusion

The Court finds that Plaintiff has alleged sufficient facts to state a negligence claim against Defendant. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Rule 12(b)(6) Motion to Dismiss"[61] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __26th__ day of July, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[59] *Id.* at 2.

[60] *Id.*

[61] Rec. Doc. 10.